FRUGÉ, Judge.
Plaintiff, Janice Courtney Cook, instituted suit against her husband, Hugh F. Liming, for separation from bed and board on the ground of abandonment. During the pendency of this separation suit plaintiff filed a rule to make a judgment for alimony pendente lite executory and a rule seeking to have the defendant ruled in contempt of court for his failure to pay alimony and for his violation of a preliminary injunction for selling certain stocks belonging to and owned by the community.
Judgment was rendered in favor of plaintiff, making the delinquent alimony pen-dente lite executory. Defendant was also found to be in contempt of court for his failure to pay said alimony pendente lite and for his selling of certain community assets in direct violation of the preliminary injunction. Defendant was sentenced to five days in the parish jail for his contempt, which sentence was to be suspended upon condition that defendant make an accounting to the plaintiff of one-half of the sum received from the sale of the securities.
Defendant has appealed to this court, arguing that the district court’s finding that he was in contempt was improper (1) because the sale of the securities was made by agreement between the plaintiff and the defendant, and (2) the court’s order sentencing the defendant to five days in the parish jail if he did not make an accounting to the plaintiff of one-half of the sum received from the sale of the securities will cause, if he does account, plaintiff to receive one-half of the sum received, which is community property now, and when there is a judicial separation plus a partition of the community property, another one-half, thus totaling three-quarters of the money received from the sale.
Under C.C.P. Art. 226 the district court may order imprisonment for contempt if the contempt consists of an omission to perform an act which is in the power of the party charged with contempt to perform. Answering no other question but did the district court have authority to hold defendant in contempt, we must answer that the court did, under C.C.P. Art. 226. Although it is stipulated in the record that the sale of the securities was made by agreement between the plaintiff and the defendant, the sale was still technically in violation of the preliminary injunction in effect at that time. C.C.P. Art. 3611 is the authority for the district court to cause to be undone or destroyed whatever may be done in violation of a preliminary injunction:
“Disobedience of or resistance to a temporary restraining order or preliminary or final injunction is punishable as a contempt of court. The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of the violation.”
*425 For the foregoing reasons, the judgment of the district court making the alimony pendente lite executory and ordering the defendant to account for the sum received from the sale of the securities in violation of the preliminary injunction is affirmed; cost of this appeal to be assessed to defendant.
Affirmed.